SUMMARY ORDER

Petitioner Yong Lin, a native and citizen of the People’s Republic of China, seeks review of an October 24, 2007 order of the BIA denying his motion to reopen. In re Yong Lin, No. A72 763 849 (B.I.A. Oct. 24, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Lin’s untimely motion to reopen.
Lin argues that the BIA erred in concluding that he failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his prima facie eligibility for relief. However, these arguments fail where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves *311 attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see ■ also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aii-d affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
Further, the BIA’s reliance on Xiao Xing Ni v. Gonzales, 494 F.3d 260 (2d Cir.2007) was proper where it quoted that case to demonstrate that the mere fact of our remand in Shou Yung Guo v. Gonzales, 463 F.3d 109 (2d Cir.2006) was insufficient support for Lin’s claim that those with two children born in the United States face persecution in China.
Moreover, the BIA properly assigned limited probative weight to the purported village committee letter where it contained “advisory” language, and Lin could not demonstrate that the penalties referenced would be applied against him because his second child had not yet been born. See Xiao Ji Chen, 471 F.3d at 342 (finding that the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the agency); see also Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (holding that, absent solid support in the record for the petitioner’s assertion that he would be subjected to forced sterilization, his fear was “speculative at best”).
Finally, the BIA’s determination that Lin was ineligible to file a successive asylum application was not in error. See Yuen Jin v. Mukasey, 538 F.3d 143, 156, 158-59 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).